## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

_____

THE ANDERSON LIVING TRUST f/k/a
THE JAMES H. ANDERSON LIVING
TRUST; THE PRITCHETT LIVING TRUST;
J. RICHIE FIELDS; THE TATUM
LIVING TRUST; and NEELY-ROBERTSON
REVOCABLE FAMILY TRUST,

        Plaintiffs,

     v.                                 No. 13-CV-00909 WJ/CG

ENERGEN RESOURCES CORPORATION,

        Defendant.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' CLAIM FOR BREACH OF THE IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING UNDER COLORADO LAW

THIS MATTER comes before the Court upon a Motion to Dismiss Plaintiffs' Claim for Breach of the Implied Duty of Good Faith and Fair Dealing Under Colorado Law, filed on January 15, 2015 by Defendant Energen Resources Corporation ("Energen").   Having reviewed the parties' briefs and applicable law, the Court finds that Defendant's motion is not well-taken; accordingly, it is DENIED.

## BACKGROUND

This case involves numerous claims concerning the proper payment of royalties to Plaintiffs and all others similarly situated from the production of oil, natural gas and associated hydrocarbons (including drip condensate) from natural gas wells on lands subject to various oil and gas leases  in northern New Mexico and southern Colorado all within the geologic formation

known as the San Juan Basin.[1]  Defendant Energen Resources Corporation ("Defendant" or "Energen") is the owner/operator of the natural gas wells on the oil and gas leases at issue in this lawsuit.  According to the First Amended Complaint, Defendant produces and sells the production from its wells pursuant to the terms of oil and gas leases and other royalty instruments.  Plaintiffs allege that they own royalty and overriding royalty interests under some of these instruments.  They also allege that Energen is required to pay monthly royalties to them, and to other owners on the production and sale of oil and natural gas, consistent with the terms of the royalty instruments.

The instant case was filed in federal court on September 20, 2013.  It was amended on January 22, 2014 with the First Amended Complaint ("FAC"), which asserted eleven causes of action, including the claim that Energen breached the duty of good faith and fair dealing under Colorado law.  On June 20, 2014, Energen filed a motion to dismiss some of the claims in the FAC, which the Court granted in part and denied in part in a Memorandum Opinion and Order filed November 25, 2014.   Doc. 67 ("November 25th Order").   Among these claims was a breach of duty of good faith and fair dealing.  The Court found that Plaintiff's allegations came within the purview of the implied covenant of good faith and fair dealing under New Mexico law, and denied Defendant's motion on that claim. However, the Court agreed with Defendant that, under Colorado law, the implied duty of good faith and fair dealing only applies when one party has discretion in performing under the contract.  Doc. 67 at 11-12.   After the reviewing the FAC, the Court concluded that:

> there is no way to know whether the leases in question allow for discretion to be given to either party because Plaintiffs provide no facts at all to suggest that Energen holds some discretion in the manner of performance.

---

[1]   Based on the allegations in the First Amended Complaint ("Complaint"), Plaintiffs intend to seek class action certification under Fed.R.Civ.P. 23, but no motion to certify the action as a class has been filed as of the date of filing of this opinion.

Doc. 67 at 14.  For this reason, the Court granted Defendant's motion to dismiss Plaintiff's breach of implied duty of good faith and fair dealing under Colorado law without prejudice, subject to amendment by Plaintiff.  *See* Doc. 67 at 11-12 & 36.

On December 29, 2014, Plaintiffs filed an Second Amended Complaint ("SAC") which reflects the Court's rulings (Doc. 70).

**DISCUSSION**

Defendant now moves to dismiss Plaintiffs' claim for breach of the implied duty of good faith and fair dealing under Colorado law.

## I.     Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Although a court must accept all the complaint's factual allegations as true, the same is not true of legal conclusions.  *Id*. Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" will not suffice.  *Twombly*, 550 U.S. at 555. "Thus, in ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

In the November 25th Order, the Court set out the relevant law on claims based on a breach of an implied covenant of good faith and fair dealing, which bears repeating here:

> Under Colorado law, every contract "contains an implied covenant of good faith and fair dealing," but the doctrine is applied only when one party has "discretionary authority to determine certain terms of the contract, such as quantity, price, or time."  *Kaspryzk v. PNC Bank, Nat. Ass'n*, 2013 WL 3895069 (D.Colo. 2013) (citing *City of Boulder v. Public Serv. Co. of Colo*., 996 P.2d 198,

204 (Colo. App. 1999)).   "Discretion in performance occurs 'when the parties, at formation, defer a decision regarding performance terms of the contract' leaving one party with the power to set or control the terms of performance after formation." *City of Golden v. Parker*, 138 P.3d 285, 292 (Colo.2006) (quoting *Amoco Oil Co. v. Ervin*, 908 P.2d 493, 498 (Colo. 1995)).   However, the doctrine cannot be applied to contradict terms or conditions for which a party has bargained.  *Id.* at 498.

Doc. 67 at 12.  Colorado law is clear in the requirement that a party cannot rely on the good faith and fair dealing doctrine unless the relevant agreement or contract gives one party discretion over certain terms of the contract.  *See Wells Fargo Realty Advisors Funding, Inc. v. Uioli, Inc*., 872 P.2d 1359, 1363 (Colo.App.1994) (the implied duty of good faith and fair dealing applies only to the performance of obligations owed to one party by the other under a specific contract term that allows for the exercise of discretion); *Ward v. Siebel Living Trust*, 365 Fed.Appx. 984, 988 (10th Cir. 2010) (based on Colorado law) (district court erred when it permitted the good faith and fair dealing claim to go to the jury since the listing agreement contained no provision for exercise of discretion under which the broker was owed an obligation to continued marketing of the trust property after the agreement expired).   In *Amoco Oil. Co. v. Ervin,* the contract at issue allowed Amoco to adjust the rental terms, which in effect required service station dealers to depend on Amoco's good faith with regard to setting rental terms.  908 P.2d 493, 498 (Colo. 2001).  For this reason, the court found "the general rule implying the covenant in every contract, combined with the specific discretion regarding rental terms, created a duty of good faith and fair dealing for Amoco."  *Id.* at 498.[2]

Thus, Plaintiffs have no basis for alleging a good faith and fair dealing claim under Colorado law unless one or more terms in the royalty instruments or leases confer discretion on

---

[2]     *See also Crown Life Insurance Co. v. Haag Ltd. Partnership*, 929 P.2d 42 (Colo.App.1996) (Every contract contains an implied duty of good faith and fair dealing, requiring the parties to the agreement to perform their contractual obligations in good faith and in a reasonable manner); *O'Reilly v. Physicians Mut. Ins. Co*., 992 P.2d 644, 646 (Colo.App.,1999) (holding trial court erred when it failed to identify which discretionary term in the agreement was abused by defendant with respect to the duty of good faith and fair dealing).

Defendant in how an obligation will be performed, and which Defendant allegedly used to deprive Plaintiffs of the benefit of the contract. *See Wells Fargo Realty Advisors Funding, Inc. v. Uioli, Inc.*, 872 P.2d 1359 (Colo.App.1994) (breach of the duty occurs when one party uses discretion conferred by the contract to act dishonestly or to act outside the scope of accepted commercial practices to deprive the other party of the benefit of the contract).

## II.     Analysis

Defendant contends that the central issue in this case is whether Energen properly paid royalties to Plaintiffs, and that because there is no provision for "discretion" in the payment of royalties in the contracts, Plaintiffs cannot assert a claim for breach of good faith and fair dealing under Colorado law.   Energen argues that there is also no room for discretion in the contracts because its royalty obligation is subject to the "marketable condition" rule which concerns which party must bear the costs necessary to render the gas in "marketable condition."   Defendant also points out that Colorado law has adopted the "marketable condition rule" in *Rogers v. Westerman Farm Co.,* which provides that, absent lease language to the contrary, the implied duty to market requires that the lessee (in this case, Defendant) "incur those expenses necessary to place gas in a condition acceptable for market." 29 P.3d 887, 906 (Colo. 2001).[3]

The Court has reviewed the allegations in the SAC and finds that there are sufficient allegations of discretion in performance to pass muster under *Twombly* and under Colorado law to assert a claim for breach of good faith and fair dealing.   Plaintiffs allege for example, that under the lease Energen may, in its discretion:

---

[3]   New Mexico law does not follow this rule.  In the November 25th Order, the Court dismissed Plaintiffs' third and eleventh claims for relief asserting a breach of an implied duty to market, finding that the "marketable condition rule" is not included within the implied duty to market in New Mexico. Doc. 67 at 16-17; *see Cont'l Potash, Inc. v. Freeport-McMoran, Inc.,* 115 N.M. 690 (1993) (rejecting the argument that the producer must bear all costs necessary to render the gas "marketable" as part of an implied duty to market claim).

- Produce and sell Plaintiffs' and the class members' hydrocarbons each month or leave the gas "shut-in" awaiting future markets (SAC, ¶ 40) (emphasis added);

- Market Plaintiffs' and the class members' hydrocarbons produced at a value that is determined solely by Energen each month (*Id.*, ¶ 40) (emphasis added);

- Determine whether it deems it necessary to dehydrate, compress, gather, treat or process the hydrocarbons produced from Plaintiffs' and class members' wells (*Id.*, ¶ 42);

- Determine the costs necessary to dehydrate, compress, gather, treat or process the hydrocarbons produced from Plaintiffs' and class members' wells (*Id.*, ¶ 42); and

- Determine the methodology of payment and reporting to Plaintiffs and the class members (*Id.*, ¶ 43).

Defendant claims that these allegations quote and rely on language from the leases held by Plaintiffs Anderson Living Trust and Pritchett Living Trust, which cover interests in New Mexico, Doc. 81 at 3, n.1, and so this language has no relevance to Plaintiffs' claim for breach of implied duty of good faith and fair dealing under Colorado law.  Defendant is correct that the only Plaintiff with an interest in Colorado minerals is Plaintiff Tatum Living Trust.  However, the allegations are asserted as to all the named leases.  Whether or not these allegations apply to the Colorado lease is more appropriately raised after factual development and discovery, and perhaps becomes the subject of a future dispositive motion. [4]

Energen claims that the alleged discretionary acts about performance have nothing to do with the central issue of whether it properly carried out its royalty obligations, but this contention makes no sense.  How Energen carries out its functions in the alleged discretionary areas can be viewed as having an impact on whether royalties were paid to Plaintiffs as well as the amount of royalties paid.   The Court also finds that Energen's reference to the "marketable condition rule"

---

[4]  The SAC provides a description of the Tatum Living Trust, Doc. 70 at 8, but a copy of the Trust is not attached to the complaint as an exhibit, as are the Anderson and Pritchett Trust leases, so the Court cannot make an evaluation of whether the allegations of discretion also apply to the language in the Tatum Living Trust.  Also, Defendant is correct in that Plaintiff does cite to language from the Anderson and Pritchett Trust leases, but this language concerns what appears to be the nondiscretionary ratio of proceeds owed by the lessee to the Trusts, and so was not considered by the Court in making findings herein.  *See* Doc. 77 at 2.

has little or no bearing on the issue here.   Just because there is no discretion in allocating the costs of getting the product in marketable condition (the producer bears it all in Colorado) does not mean there is also no discretion in the calculation of royalty payments, because royalty payments are not calculated until a marketable product is first obtained.   *See Rogers,* 29 p.3d at 904.   Thus, these two categories—bearing the costs of product marketability and calculation of royalties—are separate and different.   Further, Plaintiffs allege that Energen misrepresented the marketability costs in order to reduce royalty obligations.   Doc. 77 at 3.   Because the SAC alleges that under the leases, Energen was given sole discretion as to the manner of performance concerning *whether* to produce and sell the product, the *amount* that will be produced, the *value* of the product and the *method of reporting* for the processing costs, these alleged misrepresentations form the basis of a viable breach of good faith and fair dealing under Colorado law.   *See City of Golden v. Parker*, 138 P.3d 285, 292 (Colo.2006) ("Discretion in performance occurs 'when the parties, at formation, defer a decision regarding performance terms of the contract' leaving one party with the power to set or control the terms of performance after formation") (quoting *Amoco Oil Co. v. Ervin*, 908 P.2d 493, 498 (Colo. 1995)).

## CONCLUSION

In sum, the Court finds and concludes that the SAC sufficiently alleges a claim for breach of implied duty of good faith and fair dealing under Colorado law.   The allegations refer to terms in the contracts in which the parties gave sole discretion to Energen for certain acts of performance that could plausibly affect its royalty obligations to Plaintiffs.   *See Amoco Oil Co.,* 908 P.2d at 498 ("The good faith performance doctrine is generally used to effectuate the intentions of the parties or to honor their reasonable expectations . . . .").

**THEREFORE, IT IS ORDERED** that Defendant's Motion to Dismiss Plaintiffs' Claim for Breach of the Implied Duty of Good Faith and Fair Dealing Under Colorado Law **(Doc. 72)** is hereby DENIED for reasons described in this Memorandum Opinion and Order.



_____

UNITED STATES DISTRICT JUDGE