# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

THE ANDERSON LIVING TRUST f/k/a
THE JAMES H. ANDERSON LIVING
TRUST, et al.,

      Plaintiffs,

v.                                              No. 13-CV-00909 WJ/CG

ENERGEN RESOURCES CORPORATION,

      Defendant.

## ORDER DENYING MOTION TO RECONSIDER
## and
## DENYING PLAINTIFFS' MOTION TO ALLOW SURREPLY

THIS MATTER comes before the Court upon the following motions:

- Defendant's Motion for Reconsideration of Order Granting Class Certification, filed December 18, 2019 **(Doc. 258)**;

and

- Plaintiffs' Motion to Allow Surreply to Energen's Reply for Reconsideration of Order Granting Class Certification, filed January 13, 2020 **(Doc. 263)**.

Having reviewed the parties' pleadings and the applicable law, the Court finds that Defendant's motion is not well-taken and, therefore, is denied.

## BACKGROUND

On December 5, 2019, the Court granted Plaintiffs' "Narrowed" Motion for Class Certification. Doc. 256 (Court Order). Defendant requests reconsideration of this ruling.

**I.    Defendant's Motion for Reconsideration of Order Granting Class Certification, filed December 18, 2019 (Doc. 258)**

A motion to reconsider is appropriate where a court has misapprehended the facts, a party's position, or the law. *Servants of The Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir.2000). Specific situations where circumstances may warrant reconsideration include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *Id.* A motion to reconsider is "not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. Gen. Motors Corp.,* 846 F.Supp. 1482, 1483 (D.Kan.1994).

    A.    Class Definition

Defendant claims that the Court's order incorrectly "appears to assume" that Plaintiffs defined the class to include *all* of Energen's royalty owners under its Colorado leases, referring to language in the Court's order stating that:

> [a]ll of Energen's royalty owners under its Colorado leases are putative class members because all of these putative class members allege underpayment of royalty for fuel gas."

Doc. 256 at 16. Energen suggests that the Court's "assumption" was drawn from Plaintiffs' statement made for the first time in the reply, that *all* of the Colorado leases are included in the definition of the putative class:

> The "subset" of royalty owners under leases sought to be included in the defined class by the Plaintiffs are . . . [*all*] of the royalty and override owners under all of Energen's leases in Colorado, except for the five leases which state that the lessor must share the expense of activities for which fuel gas is used.

Doc. 244 at 1 (emphasis in original). Plaintiffs explain that the reference to *"all"* was an oversight and that the reply was intended to address the leases Energen described in its response (Doc. 249) which challenged only five of the proposed class leases. In other words, Plaintiffs intended *"all"* to mean all the leases in the restricted definition of the class. Although the Court compounded the error by repeating *"all"* in reference to Colorado leases in its Order, the Court did *not* assume that

2

the purported class included all of the Colorado leases and this should be abundantly clear from the text of the Order. Plaintiffs set out plainly the narrowed class definition on the very first page of its "Narrowed Motion for Class Certification":

> Therefore, this motion for class certification **requests a limited class, restricted to the Tatum Trust and putative Class claims in Colorado with Class leases (see definition below)** for (a) failure to pay royalties on gas used as fuel for compression, field fuel, and plant fuel, contrary to the express terms of their leases; and (b) for breach of the duty of good faith and fair dealing as a result of Energen's failure to disclose all deductions from volumes and values of gas produced from their wells in its monthly statements to the Tatum Trust and putative Class Members.

Doc. 235 at 1-2 (emphasis added). Plaintiffs' motion included an exhibit listing the leases in this newly narrowed class, making it even more clear that the purported class had been narrowed to only 153 leases that required Energen to pay for gas used as fuel off the lease premises, rather than the over-200 leases Energen has with Colorado royalty owners. Doc. 235-1. The Court did not assume, as Defendant claims, that Plaintiffs' reference to "all" in their reply meant that they had suddenly decided to abandon the restricted class definition because Plaintiffs' arguments were made in the context of the smaller class group. This should be clear to Defendant based on the entirety of the Court's Order, which addressed the issues relying only on the narrowed class definition. The Court provides examples:

- Plaintiffs claim that this is a "strawman" argument because the "root" of the Trust's claim for underpayment of royalty on gas used as fuel is not the allocation or deduction of post-production costs, but rather the obligation that royalty be paid on gas used as fuel off the leased premises. Doc. 256 at 6;

- As Defendant notes, Plaintiffs now seek to certify a much different class than they originally proposed. Plaintiffs no longer seek to certify a class consisting of all Colorado and New Mexico royalty owners and instead restrict the proposed class to the Tatum Trust ("Trust") and only Colorado royalty owners with interests in the 153 leases at issue in this case. *Id.* at 2;

- The potential Class is now defined as those with royalty owners with leases that required Energen to pay for gas used as fuel off the premises. *Id.* at 12; and

3

- The class here has been narrowed to include all leases where Energen failed to pay for has used as fuel. *Id.* at 17.

Thus, the Court's Order granting class certification adopts Plaintiffs' more limited class definition and excludes any owners under leases which do not require royalty on fuel gas. As a result, there is no clear error or misapprehension, as Defendant contends.

B.      Ascertainability

Energen first contends that the Court's finding is based on a "mistaken impression of fact" because Plaintiffs' lease chart does not accurately reflect all of Energen's Colorado leases—yet fails to explain why the chart should reflect *all* of Energen's Colorado leases when the class has been narrowed to the 153 leases with fuel gas claims. The Court therefore finds no mistake in taking Plaintiffs' lease chart at face value: a demonstrative exhibit listing of leases for the putative class and citing pertinent lease language which limits the free use of gas to whatever was used *on* the leased premises. *See* Doc. 235 at 2-3.

Energen argues that Plaintiffs' lease chart does not solve the issue of ascertaining which Colorado royalty owners derived their interests from the 153 leases on the chart. The Court has already addressed this question as well. Defendant had argued that its electronic records do not indicate which owners are being paid with deductions and which ones are being paid without deductions. However, the Court rejected all of Energen's reasons for its inability to identify members of the narrowed class, and in addition expressed some incredulity that such a large corporation would be paying royalty "for over one hundred wells in the State of Colorado without knowing who it was paying as well as each owner's respective decimal interest in each well determined from their leases." Doc. 256 at 17-18.

4

The Court sees no reason to modify its ruling that the putative class members can be readily identified—particularly when a list of the 153 leases already exists. Plaintiffs also point out that Energen's own Exhibit A (Doc. 258-1) attached to its motion to reconsider further confirms that Energen has all the information is needs to ascertain the class members. Exhibit A identifies (by lease number) all the Colorado leases with language stating that the lessor is not due royalty on fuel gas. *See* Doc. 258-1 at 2 (describing net proceeds "after deduction for costs subsequent to the production of the Gas, including . . . fuel use . . . ."). This list effectively identifies all Colorado leases that would be *excluded* from the narrowed class definition. Plaintiff also notes that Energen has produced in discovery a spreadsheet of royalty owners who are members of the putative class in Colorado (Bates No. 006796), identified by Energen lease numbers. By eliminating the Energen lease numbers for leases which do not require the lessor to pay royalty on fuel gas, Plaintiffs have, through process of elimination and redaction, identified all the members in the narrowed putative class. Doc. 260-2. Energen characterizes Plaintiffs' chart as "unexplained" and "confusing," but the Court does not intend to get bogged down in a comparative chart analysis. The only question here is whether the putative class members can be ascertained, and the Court has already answered that question.

Energen insists that at most, Plaintiffs have identified only the *original* owners of the leases and that identifying the current owners for this subset of Colorado leases will require an "individual factual inquiry" which may be "complicated" because Energen's pay history records do not contain any information linking the owner to a particular lease. Doc. 261 at 6; Doc. 240 at 11. Plaintiffs disagree, arguing that recent changes in royalty ownership are traceable through successive division orders or paychecks, regardless of whether these division orders show the owners' actual names.

One of the objectives of the ascertainability requirement is to eliminate "serious administrative burdens" that defeat the efficiencies expected in a class action "by insisting on the easy identification of class members." *Abraham v. WPX Prod. Prods., LLC*, 317 F.R.D. 169, 254 (D.N.M. 2016) (citations omitted). Here, most of the work has been done. The 153 leases that make up the narrowed putative class and which will be bound by the final judgment are clearly identifiable. *See Abraham v. WPX Prod. Prods., LLC*, 317 F.R.D. 169, 254 (D.N.M. 2016) (listing objectives of ascertainability requirement). The mechanics involved in finding a successive owner (and there is no reason to believe *all* owners of the 153 leases are successive owners) is not significant here, except to comment that the Court is not convinced the process would be as burdensome as Energen claims it would be. The Court cannot help but wonder how "complicated" Energen would find it to identify a successive lease owner in order to recover an *overpayment* of royalty.

The Court agreed with Plaintiffs on this issue in its Order granting class certification and finds that Defendant offers no new evidence or legal reason to find otherwise now. Therefore, the Court rejects Defendant's argument that the members of the proposed class are not ascertainable.

C.  Quality of Gas

Energen contends that the Court prejudged the marketability of CBM ("coalbed methane") gas by stating: "CBM always requires gathering and treating before it can meet pipeline specifications and become marketable." Doc. 256 at 9. Energen claims this is a disputed factual issue that has not yet been resolved in the case and so should not have been decided in connection with class certification.

The Court finds no basis to reconsider here. Defendant appears to conflate the Court's findings regarding CBM gas in the context of the "commonality" requirement in a class action
6

with ruling on the merits of issues pertaining to marketability. Also, the Court found that Energen was attempting to avoid a finding of commonality by shifting the focus away from the sole fuel gas claim to a more generic post-production issue which would involve marketability, and Defendant seems to be doing it again. As the Court previously noted:

> There are two flaws with Defendant's argument. First, and as mentioned above, the underpayment claim being asserted by the proposed Class is not the deduction of post-production costs but rather the obligation that royalty be paid on gas used as fuel off the leased premises. . . . Second, as Plaintiffs point out, Energen's own expert identifies 87 of the 96 Energen wells in Colorado as "coalbed methane" ("CBM") and only 9 as "conventional." Doc. 244-2. CBM always requires gathering and treating before it can meet pipeline specifications and become marketable.

Doc. 256 at 9-10. The Court did not misapprehend the issues or the parties' arguments, nor was it legally incorrect in concluding that any differences in the quality of natural gas produced from Energen's wells do not preclude a finding of commonality.

Accordingly, Defendant has offered no basis that persuades the Court to modify its previous rulings granting Plaintiffs' Narrowed Motion for Class Certification.

**II.     Plaintiffs' Motion to Allow Surreply to Energen's Reply for Reconsideration of Order Granting Class Certification, filed January 13, 2020 (Doc. 263).**

Plaintiffs seek to file a surreply to correct misstatements made by Energen in its reply to its motion for reconsideration and have attached a copy of the proposed surreply as an exhibit to their motion. Generally, a nonmoving party should be given an opportunity to respond to new material raised for the first time in the movant's reply. *Id.* However, if the court does not rely on the new material in reaching its decision, "it does not abuse its discretion by precluding a surreply." *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005).

A surreply is not necessary. Based on a review of the attached proposed surreply, the Court finds that Defendant's purported errors were not critical to the Court's analysis. Because the Court did not rely on any of the information presented in the proposed surreply, Plaintiffs' motion is denied.

Energen opposes Plaintiff's motion to file a surreply, but in light of the disposition of its Motion for Reconsideration, there is no need to wait for a response. Plaintiffs' motion is therefore DENIED.

**IT IS THEREFORE ORDERED** that:

(1) Defendant's Motion for Reconsideration of Order Granting Class Certification **(Doc. 258)** is hereby DENIED for reasons described in this Order; and

(2) Plaintiffs' Motion to Allow Surreply to Energen's Reply for Reconsideration of Order Granting Class Certification **(Doc. 263)** is hereby DENIED for reasons described in this Order.

_____
CHIEF UNITED STATES DISTRICT JUDGE