# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

THE ANDERSON LIVING TRUST
f/k/a THE JAMES H. ANDERSON LIVING
TRUST, et al.,

      Plaintiffs,

v.                                             CV No. 13-909 WJ/CG

ENERGEN RESOURCES CORPORATION,

      Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court upon the parties' *Joint Motion for Order (1) Preliminarily Approving Class Settlement, (2) Approving Notice to Class Members, (3) Establishing Opt Out and Objection Procedures, (4) Appointing a Class Administrator, and (5) Setting a Final Hearing Date to Consider Final Approval of the Class Settlement, Attorneys' Fees and Expenses* (the "Motion"), (Doc. 283), filed April 5, 2021. On Aril 13, 2021, Chief United States District Judge William P. Johnson referred the Motion to the undersigned to perform legal analysis and recommend an ultimate disposition, pursuant to 28 U.S.C. § 636(b). (Doc. 285).

The Court, having considered the Motion, the terms of the parties' settlement, the record of this case, the relevant law, and the arguments presented by counsel at the preliminary approval hearing on April 27, 2021, finds the settlement is fair, reasonable, and adequate, and **RECOMMENDS** it be preliminarily **APPROVED** and the Motion be **GRANTED**.

## I. Factual and Procedural Background

Eight years ago, in September 2013, Plaintiffs brought this class action against Defendant Energen Resources, the owner and operator of oil and gas wells in the San Juan Basin, on behalf of themselves and a similarly situated class related to royalty interests in the oil and gas wells. *See* (Doc. 1); *see also* (Doc. 256 at 1). At the time, Plaintiffs were comprised of four separate trusts owning royalty interests in the oil and gas wells. *See* (Doc. 1); (Doc. 5); (Doc. 70). Over the ensuing years of the litigation, however, two of the four trusts were dismissed from the case, leaving only two Plaintiffs: The Tatum Living Trust and The Neely-Robertson Trust. *See* (Doc. 212 at 2).

Further, only the following five claims survived: (1) The Tatum Living Trust's claim of underpaid royalties on gas used as fuel (the "fuel gas claim"); (2) The Tatum Living Trust's claim of improper deduction from royalties of the Trust's proportionate share of tax under the New Mexico Natural Gas Processors' Tax (the "NGPT claim"); (3) The Tatum Living Trust's fuel gas claim of failure to pay royalties on drip condensate (the "drip condensate claim"); (4) The Neely-Robertson Trust's claim for additional royalties on natural gas used as fuel (the "fuel gas claim"); and (5) The Neely-Robertson Trust's claim for statutory interest on payments held in suspense under the New Mexico Oil and Gas Proceeds Payments Act (the "NM Oil and Gas Proceeds Payment Act claim"). *Id.*

On December 5, 2019, the Honorable Chief Judge Johnson granted The Tatum Living Trust's *Narrowed Motion for Class Certification*, (Doc. 235), certifying the class with regard to The Tatum Living Trust's Colorado fuel gas claim. (Doc. 256). The four

other claims have settled but they are not class-certified. As such, those four claims are not subject to Federal Rule of Civil Procedure 23, which governs federal class actions.

On April 5, 2021, The Tatum Living Trust and Defendant Energen jointly filed the instant Motion, pursuant to FED. R. CIV. P. 23(e), requesting the Court approve their proposed settlement of The Tatum Living Trust's class-certified Colorado fuel gas claim. (Doc. 283 at 1, 3). Attached to the Motion was the parties' proposed *Settlement Agreement* (the "Agreement"), (Doc. 283-1, Exhibit A), and the *Notice of Class Action and Proposed Settlement* (the "Notice), (Doc. 283-1, Exhibit B). In relevant part, the Agreement provides for payment to the Settlement Class in the amount of $5,600,000.00, that Class Counsel will apply for attorney fees and expenses reimbursement, and it sets forth the procedures for notifying the Class members of the Agreement and distributing the funds to the Class members. *See generally* (Doc. 283-1, Exhibit A).

## II. Legal Standard

When "the claims, issues, or defenses of a certified class" are settled, the parties must submit the proposed settlement to the court for approval. FED. R. CIV. P. 23(e). The court may approve the class settlement "only after a hearing and only on finding that [the settlement] is fair, reasonable, and adequate." FED. R. CIV. P. 23(e)(2). Preliminary approval is the first step of a two-step approval process. *Stanforth v. Farmers Ins. Co. of Arizona*, No. 9-cv-1146 RB/RHS, 1162014 WL 11497806, *3. At this first step, the court determines whether the proposed settlement is fair and whether it is reasonable to issue notification to settlement class members of the settlement's terms. *Id.* Generally, the court will preliminarily approve a class settlement "where it appears to

be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *Id.*

In determining fairness at the preliminary approval step, the court considers the same factors that it will also ultimately consider at the final approval step, which include whether (1) the settlement was fairly and honestly negotiated; (2) serious legal and factual questions place the litigation's outcome in doubt; (3) the immediate recovery is more valuable than the mere possibility of a more favorable outcome after further litigation; and (4) the parties believe the settlement is fair and reasonable. *Rutter v. Wilbanks*, Corp. v. Shell Oil Co., 314 F.3d 1180, 1188 (10th Cir. 2002); *see also Weinman v. Fid. Capital Appreciation Fund (In re Integra Realty Res., Inc.)*, 354 F.3d 1246, 1266 (10th Cir. 2004).

**III.    Analysis**

In their Motion, the parties request that the Court approve their proposed Agreement as fair, reasonable, and adequate, find it reasonable to issue the Notice to the Class members, "and enter related procedural orders in anticipation of a final hearing." (Doc. 283 at 1). The parties contend the Agreement satisfies the four *Rutter* factors outlined above.

   1. <u>Factor 1: Whether the Settlement was Fairly and Honestly Negotiated</u>

With regard to the first factor, the parties state the Agreement was "the product of good faith, arms-length negotiations between the parties," and that the parties engaged in extensive discovery, including exhaustive analysis by qualified experts of Energen's royalty accounting data. *Id.* at 5-6. The Court agrees.

4

The Agreement appears to be the result of arms-length negotiations between attorneys experienced not only in class action litigation generally but in this eight-year-long litigation. The attorneys are thus intimately familiar with the legal and factual issues in this matter. Further, once the Class was certified, the parties "exchange[d] . . . information necessary to . . . settlement [negotiations]," employing experts, for at least a ten-month period. *See* (Docs. 270-278). As such, the Court finds the Agreement was fairly and honestly negotiated.

2. *Factor 2: Whether Serious Legal and Factual Questions Place Litigation's Outcome in Doubt*

With regard to the second factor, the parties contend serious questions of law and fact exist, which place the ultimate outcome of this litigation in doubt, "including whether, and to what extent, Energen has underpaid royalties to the Class members on gas used off the lease premises as fuel." (Doc. 283 at 6). Again, the Court agrees.

Across several fronts, it appears the Class members would face a legitimate risk to their recovery of royalties related to the Tatum Living Trust fuel gas claim. Additionally, more litigation in a case almost nine years old would lead to greater expense and delayed recovery for the class members. As counsel indicated at the hearing, given the lengthy history of the case and the complexity of the legal issues, "it is clear that the parties could reasonably conclude that there are serious questions of law and fact, which could significantly impact this case if litigated." *Lucas v. Kmart Corp.*, 234 F.R.D. 688, 693-94 (D. Colo. 2006). Thus, the Court finds the second factor favors preliminary approval of the Agreement.

3. *Factor 3: Whether Immediate Recovery is More Valuable than Continued Litigation*

The Agreement awards the Class members a settlement amount of $5,610,000.00. (Doc. 283-1, Exhibit A at 2). At the hearing, counsel indicated that, according to experts for both parties, this amount constitutes 100% of the amount the Class members could have otherwise recovered, "plus substantial interest." (Doc. 283 at 6). Given this guaranteed recovery, which is substantial, the Court finds this factor favors preliminary approval of the Agreement.

4. *Factor 4: Whether the Parties Believe the Settlement is Fair and Reasonable*

Finally, the parties agree that the proposed Agreement is fair and reasonable. *Id*. As stated above, counsel for both parties are experienced, and they have been involved in this eight-year litigation since its inception. Further, "[c]ounsel's judgment as to the fairness of the agreement is entitled to significant weight." *Kmart Corp.*, 234 F.R.D. at 695. Therefore, given counsel's unanimous support of the settlement, this factor favors preliminary approval of the proposed Agreement.

Therefore, given the foregoing findings, the Court will recommend that the Agreement be approved as fair, reasonable, and adequate, and that the Motion be granted in its entirety.

**IV. Conclusion**

The undersigned therefore **RECOMMENDS** the Court order as follows:

1. The Settlement Agreement, (Doc. 283-1, Exhibit A), is preliminarily **APPROVED** as fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23(e);

2. The Notice of Class Action and Proposed Settlement (the "Notice"), (Doc. 283-1, Exhibit A), is **APPROVED** as to form and content;

3. By no later than **May 11, 2021**, Defendant Energen Resources Corporation shall deposit the settlement payment of $5,610,000.00 into the escrow account established pursuant to Escrow Agreement, as set forth in Paragraph 2 of the Settlement Agreement, and subject to the conditions set forth in the Settlement Agreement and the Escrow Agreement;

4. Barbara A. Ley, CPA, CITP, CFF, is **APPOINTED** as Class Administrator, and shall be responsible for mailing the Notice to the class members;

5. The Class Administrator shall mail by first class mail the Notice to the members of the Settlement Class by no later than **May 7, 2021**;

6. Any member of the Settlement Class who wishes to request exclusion ("opt out") from the Settlement Class shall submit a written opt-out election, postmarked on or before **June 7, 2021**. In accordance with the procedures set forth in the Notice, any such opt-out election must be in writing, and must be mailed to Class Counsel and the Class Administrator at the address provided in the Notice;

7. Any member of the Settlement Class who wishes to revoke their request to opt out from the Settlement Class shall submit a written revocation, postmarked on or before **June 7, 2021**; In accordance with the procedures set forth in the Notice, any such revocation must be in writing, and must be mailed to Class Counsel and the Class Administrator at the address provided in the Notice;

8. Any member of the Settlement Class who wishes to make objections to, or comment on, the proposed Class Settlement, or Class Counsel's request for attorney fees and expense reimbursements, shall postmark and mail such objections or comments on or before **June 16, 2021**. In accordance with the procedures set forth in the Notice, any such objections or comments must be mailed to Class Counsel, Defendant Energen Resources Corporation's counsel, and the Court;

9. The parties shall file motions in support of final approval of the Class Settlement, and Class Counsel shall file its request for attorney fees and expense reimbursement, no later than **June 28, 2021**;

10. Any member of the Settlement Class who wishes to appear and be heard at the final approval hearing shall postmark and mail notice of such intention by no later than **July 9, 2021**. Notice of such intention must be mailed to Class Counsel, Defendant Energen Resources Corporation's counsel, and the Court;

11. Class Counsel and Defendant Energen Resources Corporation's counsel may file a response to any objections or comments by members of the Settlement Class before **July 19, 2021**;

12. The Court will conduct a hearing via Zoom to consider final approval of the proposed Class Settlement and Class Counsel's request for attorney fees and expense reimbursements on **Monday, July 19, 2021, at 10:00 a.m.**, accessible as follows:

Zoom link: https://nmd-uscourts.zoomgov.com/j/1606186263
Meeting ID: 160 618 6263
Passcode: 461786

Generally, a party may file written objections with the Clerk of the District Court within 14 days after that party is served with a copy of a proposed findings and recommended disposition. *See* 28 U.S.C. § 636(b)(1). However, at the April 27, 2021 hearing, the parties waived the objections period set forth in § 636(b)(1), so that this case may be finalized expeditiously. *See* (Doc. 288).

For the reasons set forth herein, the Court respectfully **RECOMMENDS** that the parties' *Joint Motion for Order (1) Preliminarily Approving Class Settlement, (2) Approving Notice to Class Members, (3) Establishing Opt Out and Objection Procedures, (4) Appointing a Class Administrator, and (5) Setting a Final Hearing Date to Consider Final Approval of the Class Settlement, Attorneys' Fees and Expenses*, (Doc. 283), be **GRANTED** and the settlement be preliminarily **APPROVED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE